UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DOROTHY SPENCER, | § |
| | § |
|     Plaintiff, | § |
| | § |
| VS. | §   CIVIL ACTION NO. H-05-1659 |
| | § |
| ALLSTATE TEXAS LLOYDS, | § |
| | § |
|     Defendant. | § |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Allstate's motion for summary judgment. Defendant argues that Plaintiff Dorothy Spencer's claim for breach of her insurance contract is barred by the limitations provision of that contract, which provides as follows: "Suit Against Us. No suit or action can be brought unless the policy provisions have been complied with. *Action brought against us must be started within two years and one day after the cause of action accrues*." (Def.'s Mot. for Summ. J., Ex. A, at 13 ¶ 11 (emphasis added).)

Spencer concedes that she did not file suit within two years and one day of Allstate's denial of her policy claim but argues that the limitations provision is unenforceable because it is ambiguous and is contained within a contract of adhesion. According to Spencer, because the provision uses both the word "suit" and the word "action" to describe an insured's available remedies but expressly imposes the limitations period only upon "action[s]," an insured cannot be expected to know that the limitations period applies to lawsuits as well as other "actions." Spencer also contends that she did

1

take "action" within the specified period, by filing, on April 18, 2003, a complaint against Allstate with the Texas Department of Insurance.

As the Fifth Circuit has noted, "[c]ontracts in which one party has minimal bargaining power, also referred to as contracts of adhesion, are not automatically void. . . . Instead, the party seeking to avoid the contract generally must show that it is unconscionable." *Hughes Training Inc. v. Cook*, 254 F.3d 588, 593 (5th Cir. 2001) (internal quotation marks and citations omitted). Moreover, citing the legislature's exclusive prerogative to regulate insurers, the Texas Supreme Court has declined to revise the plain language of an insurance contract even to rectify a manifest injustice. *See Members Mut. Ins. Co. v. Cutaia*, 476 S.W.2d 278, 281 (Tex. 1972). If, however, "any ambiguity exists, exceptions and limitations in a policy are construed strictly against the insurer." *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 529 (5th Cir. 2004). This rule of construction rests upon a reasonableness test:

> Where an ambiguity involves an exclusionary provision of an insurance policy, we must adopt the construction . . . urged by the insured as long as that construction is not unreasonable, even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent.

*Balandran v. Safeco Ins. Co.*, 972 S.W.2d 739, 741 (Tex. 1998) (internal quotation marks omitted; ellipsis in original). The presumption favoring the insured's interpretation applies only when the policy is ambiguous; otherwise, the plain language of the policy controls. *American States Ins. Co. v. Bailey*, 133 F.3d 363, 369 (5th Cir. 1998).

In this case, the Court finds that the language of the contract is not ambiguous. While the policy does not expressly define "suit" or "action," and while Allstate might have been wiser to use only one of the two words in drafting the limitations provision,

that provision is clearly titled "Suits Against Us." No reasonable insured could read such a provision not to apply to lawsuits against Allstate.[1] Moreover, even if the Court were to find that the policy is ambiguous, Spencer's preferred interpretation is not reasonable, as it would effectively invalidate the limitations provision with regard to any and all lawsuits based upon the policy. Accordingly, Allstate's motion for summary judgment is hereby **GRANTED**, and this case is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 17th day of April, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

[1] In addition, Spencer's contention that she took "action" within the limitations period by filing an administrative complaint is unavailing, as the "Suits Against Us" provision contains no exception for an insured who files such a claim.